JOHN CLARK, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 23199.)

Court of Claims, May 2, 1933.

*Fogle & Bedenkapp* [*J. Carl Fogle* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J.   This claimant is the owner and driver of the southbound car which participated in the collision on the Lockport-Olcott road at about six P. M. on July 26, 1932.   The circumstances surrounding this collision are sufficiently outlined and described in our memorandum in the companion case of *Shaft* v. *State of New York* (147 Misc. 458), all of the evidence in which was by stipulation received and considered herein.   This claimant did not testify upon the trial of the *Shaft* claim but did testify in his own behalf upon the trial of this claim which trial occurred about two weeks subsequent to the other.

Claimant was employed as a driver of a gas and oil delivery truck and was familiar with this particular highway.   He stated that just prior to the accident he passed two automobiles going in the opposite direction.   It was raining hard and he pulled over about a foot.   " Q. At that time do you know whether or not you went off the concrete part of the road?   A. I do not, but the rear end of my car was lower.   Q. What happened from that point on?   A. When I got about a second I felt the rear end of my car was lower than the front end.   I was about thirty-five feet from this other car.   * * *   I applied the brake to stop.   My car slowed first to the left and then to the right.   Q. Your car went into the other car?   A. I think so, I couldn't say.   * * *   Q. Do you know what caused your car to skid?   A. I do not.   Q. Do you remember trying to get back on the concrete?   A. I don't know

if I was off the concrete or not, but I assumed I was. I thought I had a soft tire."

Upon cross-examination claimant was asked if the Roberts car was over on its own side of the road. He answered as follows: " A. As far as I know. It was raining hard. I couldn't say. Q. There wasn't anything about the position of that, that made you put on your brakes? A. No. When I put on my brakes my car started to skid."

At the conclusion of his examination by counsel the court inquired of the witness as follows: " Q. For what distance had you been traveling along the road with the right hand wheel off the concrete and on the shoulder? The Witness: I don't know if I was traveling that way or not, but the rear end of my car was low. The Court: You alleged in your claim that claimant's car was traveling partly upon the shoulder and partly upon the concrete,— is that a fact or isn't it? The Witness: I don't know if I was off the shoulder of the road or not before I got to the car. The Court: You don't know whether you went off the concrete or not? The Witness: The back end seemed kind of low and I pulled over a foot. The Court: Towards which way? The Witness: Towards my left, and then back again to the right."

From the foregoing it is seen that claimant has only a vague recollection of what occurred, but what he does remember convicts him of contributory negligence. The claim of *Matter of Clark* is, therefore, dismissed.

ACKERSON, J., concurs.